## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 13 2018, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of N.I. (Minor Child), a Child in Need of Services, and | September 13, 2018 |
| | Court of Appeals Case No. 18A-JC-624 |
| K.R.H. (Mother), | |
| *Appellant-Respondent,* | Appeal from the Allen Superior Court |
| v. | The Honorable Charles F. Pratt, Judge |
| Indiana Department of Child Services, | The Honorable Jennifer M. Young, Temporary Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 02D08-1707-JC-504 |

**Crone, Judge.**

[1]     K.R.H. ("Mother") appeals the trial court's determination that N.I. ("Child"), her minor child, is a child in need of services ("CHINS"). Mother contends that the Indiana Department of Child Services ("DCS") failed to prove that any care, treatment, or rehabilitation that Child needs is unlikely to be provided or accepted without the coercive intervention of the court. We agree and therefore reverse and remand for further proceedings.

[2]     Child was born in November 2011. In July 2017, Child was living with Mother and Mother's sister and niece in the maternal grandmother's apartment, and Child's father was incarcerated. At that time, Mother's six children from another father had been adjudicated CHINS in separate proceedings and were living in foster care. Mother was arrested, and Child was placed in foster care; the record does not indicate why Child was not placed with Child's relatives.[1] DCS filed a petition alleging that Child was a CHINS based on Mother's inability to provide her with independent housing, as well as Mother's addiction to alcohol, incarceration, and noncompliance with her participation plan in the other CHINS proceedings. DCS later alleged that Mother tested positive for THC. After a factfinding hearing in October 2017, the trial court found Child to be a CHINS in an order that reads in relevant part as follows:

---

[1] Indiana Code Section 31-34-4-2(a) provides that DCS must consider placing a child alleged to be a CHINS who is taken into custody under court order with a "suitable and willing relative" or a de facto custodian "before considering any other out-of-home placement." The record suggests that Child was taken into custody under court order but is silent regarding whether Mother's relatives were unsuitable or unwilling to have Child placed with them.

H.  At the time of the close of evidence [Mother] was in jail.  Her latest incarceration is for a charge of criminal conversion.  She is not therefore able to provide the child with the necessary food, clothing, shelter, medical care or supervision.  Her voluntary choices to engage in criminal behavior seriously endanger [Child's] physical or mental condition.

I.  Given the fact that (a) [Mother] has not complied with services as ordered under the [dispositional decrees in the other CHINS cases]; (b) has not resolved her addiction issues as evidenced by her diagnostic assessment of June 2017; and (c) her past and current incidents of incarceration in criminal charges, the Court finds that [Mother] and [Child] require the provision of services that she is [sic] unlikely to receive without the coercive intervention of the Court.

Appellant's App. Vol. 2 at 20.  In January 2018, a dispositional hearing was held and a dispositional order was issued, from which Mother now appeals.

[3] Indiana Code Section 31-34-1-1 provides that a child is a CHINS if, before the child becomes eighteen years of age, "the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision" and "the child needs care, treatment, or rehabilitation that:  (A) the child is not receiving; and (B) is unlikely to be provided or accepted without the coercive

intervention of the court."[2] DCS has the burden of proving that a child is a CHINS by a preponderance of the evidence. *In re Des.B.*, 2 N.E.3d 828, 835-36 (Ind. Ct. App. 2014) (citing Ind. Code § 31-34-12-3). "When reviewing the sufficiency of the evidence to support a CHINS adjudication, we consider only the evidence favorable to the judgment and the reasonable inferences raised by that evidence." *Id.* at 836. "An inference is not reasonable when it rests on no more than speculation or conjecture." *Pelak v. Indiana Indus. Servs., Inc.*, 831 N.E.2d 765, 769 (Ind. Ct. App. 2005), *trans. denied* (2006).

[4]     Mother acknowledges that DCS presented evidence that she had struggled to comply with the participation plan in the other CHINS proceedings with respect to substance abuse/treatment, housing, and employment, etc., but she argues that DCS failed to prove by a preponderance of the evidence that any care, treatment, or rehabilitation that Child needs is unlikely to be provided or accepted without the coercive intervention of the court: "[W]hile [M]other's living condition had been somewhat inconsistent, it would appear that [Child] had been consistently residing in relative placement." Appellant's Br. at 15. DCS responds that "[t]he evidence is clear that Mother failed to meet the needs of her other six children, and as of … the last day of the CHINS factfinding on October 30, 2017, she was incarcerated, and unable to meet Child's needs." Appellee's Br. at 21. This misses Mother's point about the need for coercive

---

[2] Contrary to what the trial court's order suggests, the statute's coercive intervention provision does not apply to a child's parent.

court intervention. DCS presented zero evidence that any care, treatment, or rehabilitation that Child needs was unlikely to be provided or accepted without the coercive intervention of the court, and it would be unreasonable for us to infer that such intervention was necessary from the mere fact that Child was placed in foster care for reasons not apparent in the record. Accordingly, the CHINS determination is clearly erroneous, and we reverse and remand for further proceedings consistent with this opinion.

[5] Reversed and remanded.

Najam, J., and Pyle, J., concur.